JULIUS LESSER *v.* BENJAMIN F. DAME.

LAND.   *Timber.   Cross-ties.   Purchase from occupant.   Executory contract.*
Where cross-ties are made from the timber of land held under an executory contract of sale, which forbade the cutting of timber for such purpose, the owner of the land is the owner of the timber so used in its improved condition, and can defeat replevin by one claiming under the occupant of the land.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

Lesser, the appellant, was the plaintiff in the court below; Dame, the appellee, was defendant there.   The opinion of the court states the facts.

*Butt & Butt,* for appellant.

The right to cut the timber was acquired in good faith from the occupant of the land.   Even if the occupant was without title, the party who expended money and labor in manufacturing the cross-ties ought not to lose the same.   They should be permitted to have the manufactured product, and the owner of the timber will be fully compensated if paid the value of the trees as they stood in the woods.   The owner ought not to be given the labor of the manufacturer and the money expended by him in producing the cross-ties.   *Bond* v. *Griffin,* 74 Miss., 599; *Illinois, etc., R. R. Co.* v. *LeBlanc,* 74 Miss., 626.

*Charles Scott* and *E. H. Woods,* for appellee.

(1) Appellant failed to show title or right of possession to the cross-ties.

(2) He failed to show title to the land in Reynolds, and therefore Reynolds could not convey title to the trees.

(3) Even if appellant acquired his pretended right from

Little, he cannot maintain this suit, because Little was a wilful trespasser, and acquired no title to the cross-ties by reason of his labor or expenditures in making the same. *Stillman* v. *Hamer,* 7 How. (Miss.), 421 ; *Heard* v. *James,* 49 Miss., 236 ; *Phillips* v. *Gastrell,* 61 Miss., 413.

TERRAL, J., delivered the opinion of the court.

This is an action of replevin for something over one thousand cypress cross-ties of the value of twenty-six cents a tie. The plaintiff, Lesser, claimed the ties through Little, who cut them from the lands of Sheldon and they were held by Dame as Sheldon's agent.

The land from which the ties were cut was then in the possession of Reynolds, who had a written contract of purchase from Sheldon, in which contract it was stipulated that he, Reynolds, would not cut any timber except for firewood and repairs on the place. Notwithstanding this stipulation on the part of Reynolds, he authorized Little to cut the ties upon a promise to pay a stumpage of five cents per tie, and the plaintiff, Lesser, advanced to Little money and supplies for the getting out of the ties, and Lesser's contention is that he and Little were acting in good faith, and that they should not lose the value of the labor bestowed in the manufacture of the cross-ties, but should pay only the stumpage, some five cents apiece. The defendant recovered through the operation of a peremptory instruction.

We think it clear that if Reynolds had cut the ties in violation of his contract he would have acquired no title to the ties cut by him, and we think it also clear that he could confer on Little no greater right than he possessed.

*The ruling of the circuit court is affirmed.*